■ GILBERT D. SCUDDER, as Executor of DAVID M. SCUDDER, Deceased, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent.— Judgment unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: The State appeals and claimant cross-appeals from a judgment of the Court of Claims which awarded claimant $14,315 plus interest for a total amount of $17,092.11 in damages for the permanent appropriation of a part of claimant's farm. The State contests the awarding of $100 per acre in consequential damages to 43.738 acres of river flatland tillable (State's denomination) or valley cropland (claimant's denomination). The State's appraiser found a total of 55 acres of river flatland tillable before the taking whereas claimant's appraiser determined there existed 60.5 acres. However, both arrived at approximately the same amount of river cropland remaining, the State finding 43.73 acres and claimant 44.010. The court found consequential damages to the 43.738 acres at $100 an acre to the remaining river flatland tillable or valley cropland. Claimant's appraiser found damages of $2,200 to 22.010 acres of the valley cropland residual but found no damage to 22 acres. The State's appraiser found no damage to the river flatland tillable following the appropriation. The court's assessment of consequential damages in the amount of $4,373 is $2,173 higher than that assessed by claimant's appraiser, finds no support in the record and should be eliminated from the award for consequential damages. The State further contests the court's finding of after value in the amount of $65,485 contending that this falls outside the range of the expert testimony. The State found an after value for the subject premises in the amount of $67,000, and claimant's appraiser $72,750. However, the State's appraisal recites a market range after the taking from $65,500 to $68,000 and hence, the court's after value is within the range of the expert testimony. The court awarded $2,000 in consequential damages to the dairy barn complex of buildings. The State's appraisal found the dairy barn to be improved in a semimodern manner for one half the first floor area with the capability of carrying 20 milking cows (milkers) with water lines, buckets, vacuum lines and a barn

cleaner and the remainder of the first-floor area unsuitable for other than dry stock and young stock. The State's appraiser did find the land could carry 50 milkers however but that there would be a need to expand the barn facilities in order to utilize the potential of the acreage. The State's appraisal concludes the buildings are overimproved for hay storage, underimproved for the number of milkers the land could support, and that the land could support 50 head and the barns were set up to milk 20 head, a figure substantially below that asserted by claimant. Following the taking, the State's appraisal found the subject property would have a cow carrying capacity of five head less (40 to 45 head). The outbuildings would have slightly less utility as less land would be available to grow cash crops. However, since, it is claimed, the 40 to 45 cow capacity was beyond the existing facilities of the dairy barn the State asserts that there were no consequential damages to the dairy barn complex. The State's appraiser concedes the reduction in the cow capacity of the total operation from 5 to 10 milkers, or from 10 to 20% of the milker capacity. Accepting the State's figure of 20% for the reduction in the milker capacity for the total farm operation and applying that to the State's total value for building improvements in the amount of $16,000, which figure was adopted by the court, the consequential damage to total building improvements would be $3,200, a figure in excess of that found by the trial court. The judgment appealed from is modified by reducing it in the amount of $2,173. (Appeals from judgment of Court of Claims—partial appropriation.) Present—Marsh, P. J., Moule, Simons, Goldman and Witmer, JJ.